15-1037-cv
*FDIC v. Credit Suisse First Boston Mortgage Securities Corp.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of January, two thousand seventeen.

PRESENT:  JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
BARRINGTON D. PARKER,
*Circuit Judges.*

---

FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR CITIZENS NATIONAL BANK
AND RECEIVER FOR STRATEGIC CAPITAL BANK,

*Plaintiff-Appellant,*                                     15-1037-cv

v.

CREDIT SUISSE FIRST BOSTON MORTGAGE
SECURITIES CORP., CREDIT SUISSE MANAGEMENT
LLC, CREDIT SUISSE SECURITIES (USA) LLC,
DEUTSCHE BANK SECURITIES INC., HSBC
SECURITIES (USA), INC., RBS SECURITIES INC., AND
UBS SECURITIES LLC.,

*Defendants-Appellees,*

BEAR STERNS ASSET BACKED SECURITIES I L.L.C.,
THE BEAR STERNS COMPANIES L.L.C., JP MORGAN
SECURITIES L.L.C., CITICORP MORTGAGE
SECURITIES, INC., CITIMORTGAGE, INC., CITIGROUP
GLOBAL MARKETS INC., MERRILL LYNCH MORTGAGE

1

INVESTORS, INC., MERRILL LYNCH MORTGAGE
CAPITAL, INC., MERRILL LYNCH, PIERCE,
FENNER & SMITH INC., AND ALLY SECURITIES LLC,

*Defendants.*

FOR PLAINTIFF-APPELLANT:            JAMES SCOTT WATSON (Colleen J. Boles, Kathryn R. Norcross, Jaclyn C. Taner, *on the brief*), for *Federal Deposit Insurance Corporation.*

FOR DEFENDANTS-APPELLEES:       ANDREW T. FRANKEL (Thomas C. Rice, *on the brief*), Simpson Thatcher & Bartlett LLP, New York, NY *for Deutsche Bank Securities Inc., RBS Securities Inc., and UBS Securities LLC.*

Richard W. Clary, Cravath Swaine & Moore LLP, New York, NY *for Credit Suisse Securities (USA) LLC, Credit Suisse First Boston Mortgage Securities Corp., and Credit Suisse Management LLC.*

Michael O. Ware, Mayer Brown LLP, New York, NY, *for HSBC Securities (USA), Inc.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **VACATED AND REMANDED**.

Plaintiff-appellant Federal Deposit Insurance Corporation ("FDIC") — as receiver for two failed banks, Citizens National Bank ("Citizens") and Strategic Capital Bank ("Strategic") — appeals from a judgment dismissing its securities claims against defendants, issuers and/or underwriters of Residential Mortgage-Backed Securities, as time-barred. The FDIC filed its complaint alleging violations of Sections 11 and 15 of the Securities Act of 1933 on May 18, 2012. The date of that filing was more than three years after Citizens and Strategic had purchased the certificates at issue, in 2006 and 2007, and thus the action would ordinarily be barred by the Securities Act's statute of repose. *See* 15 U.S.C. § 77m. But the so-called "FDIC Extender Statute," enacted as part of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, sets "the applicable statute of limitations" for an action brought by the FDIC in its capacity as receiver to be (at a minimum)

2

three years from the FDIC's appointment as receiver. *See* 12 U.S.C. § 1821(d)(14). Here, the complaint *was* filed within three years of FDIC's appointment. In granting Defendants' motion to dismiss, however, the District Court held that the FDIC Extender Statute "extends" or supersedes only statutes of limitations, and not statutes of repose.

That holding, which we review *de novo*, was error. Following the District Court's ruling and the submission of briefing in this appeal, another panel of this Court held that the FDIC Extender Statute *does* supersede the Securities Act's statute of repose, distinguishing *CTS Corp. v. Waldburger*, 134 S. Ct. 2175 (2014), and reaffirming this Court's earlier ruling on a substantively identical Extender Statute in *Fed. Hous. Fin. Agency v. UBS Americas Inc.*, 712 F.3d 136, 138 (2d Cir. 2013). *See Fed. Deposit Ins. Corp. v. First Horizon Asset Sec., Inc.*, 821 F.3d 372 (2d Cir. 2016), *cert. denied*, 2017 WL 69213 (Jan. 9, 2017). Our sister panel's decision controls the outcome of this appeal, and the District Court's order dismissing the case on timeliness grounds must be vacated.

Accordingly, we **VACATE** the March 25, 2015 judgment of the District Court, and we **REMAND** the cause to the District Court for such further proceedings as may be appropriate in light of this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk